# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4821 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Hess Newmark Owens Wolf Inc. vs. Owens et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

### DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, defendant Owens Group, Inc.'s motion to dismiss for lack of personal jurisdiction [14-1] is granted. Defendant Owens Group, Inc. (improperly named as Owens Group, Ltd.) is hereby dismissed without prejudice. Plaintiff's motion for leave to fie a sur-reply in further opposition to defendant Owens Group, Ltd's motion to dismiss for lack of personal jurisdiction is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/28/04 date mailed notice | |
| KF | courtroom deputy's initials | | KF mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hess Newmark Owens Wolf Inc., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 04 C 4821 |
| Doris Owens, Owens Group, Ltd., | ) ) | |
| Defendants. | ) | Magistrate Judge Mason |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

This matter is before the Court on Defendant Owens Group, Inc.'s (improperly named as Owens Group, Ltd.) motion to dismiss for lack of personal jurisdiction. This is a diversity action for breach of contract and breach of fiduciary duty. Plaintiff is an Illinois corporation. Defendant Doris Owens ("Owens") is an Ohio resident. Defendant Owens Group, Inc. ("OGI") is an Ohio corporation. For the reasons stated below, OGI's motion to dismiss for lack of personal jurisdiction is granted.

**Facts**

Plaintiff, Hess Newmark Owens Wolf Inc., filed a three-count complaint against defendants Doris Owens and OGI.[1] Plaintiff alleges that in January 1998, Mary Hess, Doris Owens, Barry Newmark and Stuart Wolf formed Hess Newman Owens Wolf Inc. ("HNOW"), an Illinois corporation. HNOW provides advertising and/or publicity and promotional services to various major motion picture studios. On or about January 16,

---

[1] Plaintiff's complaint also alleged claims against another defendant, Film Net, Ltd. Plaintiff voluntarily dismissed Film Net, Ltd. on August 18, 2004.

1998, Hess, Newmark, Owens and Wolf executed a Shareholders' Agreement ("the Agreement") detailing among other things, share allocations, share values, dividend rights, appointing corporate officers and setting restrictions on shareholders, directors and officers from competing with and/or soliciting clients of HNOW. The Agreement specifically recognized that at the time it was executed, Owens operated OGI independently of HNOW. Plaintiff's complaint alleges that as a result, the Agreement provided that OGI and Owens could "continue to provide movie-related advertising to markets in Ohio and Kentucky, except for MGM and Warner Bros.," and "movie-related promotions" for any clients in Ohio, Kentucky and Indianapolis.

Plaintiff further alleges that in or around June 2004, Hess and Newmark began hearing rumors in the industry that Owens was working for Terry Hines Associates ("THA"), a HNOW competitor. On July 15, 2004, HNOW's Board of Directors held a Special Meeting which all directors including Owens attended. At that meeting, Owens purportedly admitted that either individually and/or through OGI, she performed consulting services for THA since September 2003. According to the complaint, Owens' activities also involved setting up offices for THA in several cities and attending a THA corporate marketing strategy meeting.

In Count I (for breach of contract), plaintiff alleges that Owens' work on behalf of THA, both individually and/or through OGI, constitutes a material breach of the Agreement. In Count II (for breach of fiduciary duty), plaintiff alleges that Owens' work on behalf of THA, both individually and/or through OGI, constitutes a material breach of Owens' fiduciary duty of loyalty to HNOW as an officer and director of HNOW. In Count III (also for breach of fiduciary duty), plaintiff alleges that Owens' work on behalf of THA, both

2

individually and/or through OGI, constitutes a material breach of Owens' fiduciary duty not to usurp corporate opportunities of HNOW.

**Analysis**

A federal district court in Illinois has personal jurisdiction over a non-resident defendant in a diversity action only if an Illinois court would have such jurisdiction. *Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994); *FMC Corp. v. Varanos*, 892 F.2d 1308, 1310 (7th Cir. 1990). The plaintiff bears the burden of establishing a prima facie case that personal jurisdiction exists. *Neuman*, 15 F.3d at 724. To survive a motion to dismiss, the plaintiff must allege sufficient facts to support a reasonable inference that defendant is subject to personal jurisdiction. *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986), cited with approval in *Arnold v. Goldstar Fin. Sys., Inc.*, 2002 WL 1941546 (N.D. Ill., Aug. 22, 2002).

Under the Illinois long-arm statute, an Illinois court may exercise personal jurisdiction over a defendant if: (1) the defendant submits to the jurisdiction of the Illinois courts by doing any of the acts enumerated in section 2-209(a), (2) the defendant is a natural person or corporation that is doing business in Illinois, or (3) on any other basis permitted by the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2-209(a); 735 ILCS 5/2-209(b)(4); 735 ILCS 5/2-209(c). Plaintiff's argument for jurisdiction is based solely on section 2-209(a) of the long-arm statute.[2] Thus, we may focus exclusively on specific jurisdiction. Specific jurisdiction applies when the court is

---

[2] Plaintiff concedes that the allegations of the complaint do not establish general jurisdiction over OGI. Further, plaintiff does not argue that an Illinois court would have jurisdiction over the defendants on any other basis permitted by the Constitution. 735 ILCS 5/2-209(c).

3

asserting jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1276, 1277 (7th Cir. 1997). The court may exercise specific jurisdiction over OGI if it "purposefully established minimum contacts within the forum state" and those contacts "make personal jurisdiction fair and reasonable under the circumstances." *Id.*

To establish that OGI has the requisite minimum contacts with Illinois, plaintiff relies on two of the enumerated acts giving rise to jurisdiction under section 2-209(a): the commission of a tortious act within Illinois, and the making or performance of any contract or any promise substantially connected with Illinois. 735 ILCS 5/2-209(a)(2) and (a)(7).

In response to the motion to dismiss, plaintiff contends that this Court has personal jurisdiction as a result of OGI's negotiation of the Shareholders' Agreement. In particular, plaintiff argues that a federal district court sitting in Illinois has specific diversity jurisdiction over a non-resident defendant who negotiates and executes a contract in Illinois that is governed by Illinois law.[3] However, unlike here, the cases plaintiff relies on to support this contention each involve a defendant who was an actual party to the contract at issue. *See Viktron Ltd. Partnership v. Program Data Inc.*, 326 Ill. App. 3d 111, 759 N.E.2d 186 (2d Dist. 2001); *Prism Technologies, Inc. v. Buyer's Intern., Inc.*, 1989 WL 75443 (N.D. Ill., June 27, 1989); *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole*, 2004 WL 742096 (N.D. Ill., April 6, 2004). Here, plaintiff has not alleged that OGI is a party to the Agreement. In fact, it appears that Owens signed the Agreement in her individual

---

[3] Plaintiff also claims in its response brief that it is undisputed that Owens, on behalf of OGI, negotiated, executed and was a direct beneficiary of the Agreement. However, the complaint does not contain allegations that Owens negotiated or executed the Agreement on behalf of OGI. On a motion to dismiss, the court may not supplement the complaint by relying on expanded statements in the parties' briefs. *Web Specialties, Inc. v. Fitness Art Corp.*, 1994 WL 280090, *1 (N.D. Ill., June 17, 1994).

4

capacity and not as a representative or agent of OGI. Plaintiff fails to allege any facts to the contrary.

Furthermore, the complaint contains no allegations that OGI owes any contractual duties to the plaintiff or that OGI breached any such contractual duties. Instead, plaintiff alleges that Owens' conduct constitutes a material breach of the Agreement's covenant not to compete and covenant not to solicit. Because plaintiff has not alleged that OGI is a party to the Agreement or that OGI breached any contractual duties it owed to plaintiff, this Court may not exercise personal jurisdiction over OGI pursuant to section 2-209(a)(7). See, e.g., Sparks Tune-Up Centers, Inc. v. Strong, 1994 WL 87487 (N.D. Ill., March 16, 1994)(recognizing that because plaintiffs' claim against defendants was not one for breach of contract, reliance on section 2-209(a)(7) of the long-arm statute was inapt).

Plaintiff also contends that this Court has personal jurisdiction as a result of OGI's participation in tortious conduct against HNOW, an Illinois business. However, the only tort alleged in the complaint is breach of fiduciary duty. Plaintiff fails to allege that OGI owed it any fiduciary duties or that OGI breached any fiduciary duties. Rather, plaintiff alleges that Owens breached various fiduciary duties she owed to the plaintiff. Further, plaintiff does not allege any other tortious conduct by OGI.[4] Because plaintiff failed to allege that OGI committed any tortious acts in Illinois, section 2-209(a)(2) does not confer personal jurisdiction over OGI. Old Republic Ins. Co., 2004 WL 742096, *5.

Plaintiff's failure to establish requisite minimum contacts under Illinois' long-arm

---

[4] In its response brief, plaintiff argues that OGI's conduct in causing Owens to breach the Agreement establishes the requisite minimum contacts. However, there are no allegations of tortious interference with the contract in the complaint. Again, on a motion to dismiss, the court may not supplement the complaint by relying on expanded statements in the parties' briefs. Web Specialties, Inc., 1994 WL 280090, *1.

statute obviates the need to address whether the exercise of jurisdiction in this Court would be reasonable and fair under the circumstances. Accordingly, having considered and rejected all of plaintiff's arguments in support of personal jurisdiction over OGI, OGI's motion to dismiss is granted.

**Conclusion**

For the reasons set forth above, defendant OGI's motion to dismiss for lack of personal jurisdiction is GRANTED.

ENTER:

*[signature]*
MICHAEL T. MASON
United States Magistrate Judge

Dated: September 28, 2004